**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3622
_____

UNITED STATES OF AMERICA

v.

MIGUEL A. ESPERANZA-VASQUEZ,
                                        Appellant

_____

Appeal from the District Court of the Virgin Islands
(D. V.I. No. 1-15-cr-00017-001)
District Judge: Honorable Wilma A. Lewis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 5, 2017
_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, Circuit Judges.

(Filed: June 12, 2017)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

　　Miguel Esperanza-Vasquez pleaded guilty to committing wire fraud and now

appeals the District Court's judgment of conviction.  Because Vasquez waived his right

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

to appeal, he has presented no bases against enforcing the waiver, and there are no non-frivolous bases to appeal, we will grant his counsel's motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and dismiss the appeal.

I

Vasquez, pretending to be a law enforcement officer, stopped undocumented immigrant Loftus John while John was driving. Vasquez told John that he could help him obtain immigration documentation. Vasquez also told John that if he failed to pay him, John would be deported. John acceded to these demands and kept a ledger detailing the more than $27,000 he paid to Vasquez. Some of this money was paid by wire.

Vasquez was charged with various offenses and pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 pursuant to a plea agreement that contained an appellate waiver provision. Under the provision, Vasquez waived his right to appeal any sentence imposed or the manner in which it was imposed, so long as it did not exceed the statutory maximum sentence, and waived his right to petition federal courts for a writ of habeas corpus, except to raise a claim of ineffective assistance of counsel. The parties also agreed that, for purposes of sentencing, the amount of loss was $14,999 and Vasquez's advisory sentencing range under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") would be zero to six months' imprisonment.

Following the plea, the Probation Office prepared a Presentence Investigation Report ("PSR"), which concluded that the amount of loss was actually $27,190, and that sentencing enhancements applied for (1) falsely representing a police officer, under

2

U.S.S.G. § 2B1.1(b)(9), and (2) for committing an offense against a person Vasquez knew or should have known was a "vulnerable victim," under U.S.S.G. § 3A1.1(b). As a result, the PSR concluded that the Guidelines sentencing range was 18 to 24 months' imprisonment.

Both parties objected to the PSR's loss calculation and sentencing enhancements. The District Court held an evidentiary hearing to consider these objections, and both John and Vasquez testified about the facts underlying the conviction. **App. 98-170.** The District Court found that: (1) John's testimony was more credible than Vasquez's since it was more detailed and internally consistent, and on this basis concluded that the loss amount was $27,120; (2) Vasquez falsely represented himself to be a police officer to commit the crime, and resulting in a two-level increase under § 2B1.1(b)(9); and (3) John was a "vulnerable victim," resulting in a two-level enhancement under § 3A1.1(b). Based on these guideline calculations, the District Court concluded that the applicable Guidelines range was 18 to 24 months' imprisonment.

After hearing arguments for a downward variance from defense counsel and the Government, the District Court imposed a sentence of 24 months' imprisonment, three years of supervised release, and restitution in the amount of $27,120. Vasquez filed a notice of appeal, and his counsel filed a brief pursuant to Anders, 386 U.S. at 738, stating that there are no non-frivolous grounds for an appeal and filed a motion to withdraw.

## II[1]

## A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to assure that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2(a) allows defense counsel to file both a motion to withdraw and a brief pursuant to Anders when counsel concludes that "the appeal presents no issue of even arguable merit." Third Circuit L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). To determine whether counsel has fulfilled the rule's requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why the issues are frivolous, Marvin, 211 F.3d at 780-81. If these requirements are met, we need not scour the record for issues and the Anders brief guides our review. Youla, 241 F.3d at 301.

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no non-frivolous issues. First, the brief demonstrates an examination of

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review to determine whether there are any non-frivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988).

4

the record in search of appealable issues. It notes that there is an appellate waiver yet nonetheless identifies potential issues concerning the reasonableness of the sentence, focusing on the District Court's application of a sentencing enhancement based on a loss calculation greater than that stipulated to in the plea agreement, and a potential ineffective assistance of counsel claim against trial counsel. Second, the brief explains why challenges to these issues are frivolous, both because any such appeal is foreclosed by the appellate waiver included in the plea agreement and because these claims have no merit. Counsel's Anders brief is therefore sufficient, and we will proceed to consider whether the appellate waiver is enforceable.

B

We will generally decline to entertain an appeal if (1) the issues on appeal "fall within the scope" of an appellate waiver, and (2) the defendant "knowingly and voluntarily agreed to the appellate waiver."[2] United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008); see also United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001). We will, however, invalidate a waiver whose enforcement would cause a "miscarriage of justice." Khattak, 273 F.3d at 562.

---

[2] The Government frequently seeks to enforce the appellate waiver by filing a motion for summary action under Third Cir. L.A.R. 27.4. See United States v. Goodson, 544 F.3d 529, 534 n.2 (3d Cir. 2008). Here, the Government sought enforcement in its response brief. While this certainly preserved the argument, see id. at 534-35, the summary enforcement process may have avoided unnecessary briefing concerning the merit, or lack thereof, of an appeal.

To determine the scope of an appellate waiver contained in a plea agreement, we examine the language of the plea agreement and "strictly construe[]" it. Corso, 549 F.3d at 927 (citation omitted). The text of the appellate waiver provision in Vasquez's plea agreement says that any challenge Vasquez raises to the sentence falls within its scope as long as the sentence is not greater than the statutory maximum allowable sentence for the offense of conviction.[3] Vasquez was convicted of wire fraud in violation of 18 U.S.C. § 1343, which carries a maximum sentence of 20 years' imprisonment. Thus, any challenge Vasquez could raise to his 24-month prison sentence would fall within the scope of the appellate waiver. See Corso, 549 F.3d at 927 (strictly construing a similarly "broad" appellate waiver in a sentencing appeal). As a result, we agree with counsel that challenges to the District Court's fact-finding and the reasonableness of Vasquez's sentence fall within the scope of the appellate waiver.

Additionally, Vasquez knowingly and voluntarily agreed to the appellate waiver. "In determining whether a waiver of appeal is 'knowing and voluntary,' the role of the

---

[3] The appellate waiver in Vasquez's plea agreement states that:

> [T]he defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742(a) or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255 except his right to claim ineffective assistance of counsel.

App. 25.

sentencing judge is critical." Khattak, 273 F.3d at 563. We therefore look to a district court's compliance with the requirement that, before accepting a guilty plea containing an appellate waiver, a district court must address a defendant in open court and determine that he understands the appellate waiver. Fed. R. Crim. P. 11(b)(1)(N); United States v. Goodson, 544 F.3d 529, 539-41 (3d Cir. 2008); Corso, 549 F.3d at 928-29. Before accepting Vasquez's guilty plea, the District Court examined Vasquez under oath and asked him several questions to ensure that Vasquez was competent to enter the plea, that he did so voluntarily, that he read, understood, and reviewed his plea agreement with his counsel, had no questions about it, and understood the appellate waiver provision. Vasquez responded affirmatively to all of these inquiries, and the colloquy on these subjects as well as the entire plea proceeding show that the District Court complied with Rule 11.[4]

Moreover, Vasquez confirmed these oral expressions by having twice affirmed in writing that he understood and agreed to the terms of the appellate waiver. Immediately above Vasquez's signature on the plea agreement, the agreement stated that he "enters this agreement knowingly, voluntarily, and upon advice of counsel." App. 26. Vasquez also signed and filed an Application for Permission to Enter Plea of Guilty, which reiterated the terms of the appellate waiver. Thus, there is no non-frivolous argument that Vasquez did not knowingly and voluntarily waive his right to appeal the sentence.

---

[4] At sentencing, the District Court again asked questions to ensure that Vasquez understood that he waived his right to appeal both the sentence and the manner in which it was imposed.

Finally, enforcing the waiver would not work a miscarriage of justice. Though Vasquez might have hoped that the District Court would have accepted the factual assertions and Guidelines calculations in the plea agreement, it was well within the District Court's discretion to make fact-findings and Guidelines calculations that diverged from the stipulations in the plea agreement. United States v. Maurer, 639 F.3d 72, 81 (3d Cir. 2011) ("[A] sentencing court is not bound by factual stipulations in a plea agreement and has discretion to make factual findings based on other relevant information." (citation omitted)). Additionally, Vasquez did not enter the plea agreement based on any pretense that the sentencing recommendations contained in the plea agreement were binding on the Court. Indeed, the plea agreement stated that the District Court was not bound by the factual stipulations or sentencing recommendations contained in the agreement, and before accepting the plea, the District Court asked Vasquez to confirm that he understood that the District Court had the discretion to give him a longer sentence than that recommended in the plea agreement. Furthermore, because the District Court's fact-finding and legal conclusions are amply supported, no miscarriage of justice is caused by enforcing the appellate waiver.[5] See United States v.

_____

[5] Even if we did not enforce the appellate waiver, we agree with counsel that any potential issue Vasquez could raise on appeal would be frivolous. We are satisfied that Vasquez's plea was knowing and voluntary, and, given the evidence adduced at the sentencing hearing, there was an adequate basis to support it.

Moreover, the sentence imposed was reasonable. Although the District Court found that the loss to the victim was greater than the amount to which the parties stipulated, the District Court was not bound by the plea agreement or its Guidelines calculations. See Maurer, 639 F.3d at 81. In addition, the evidence supports its loss

<u>Fountain</u>, 792 F.3d 310, 322 (3d Cir. 2015) ("Sentences that fall within the applicable Guidelines range are more likely to be reasonable than those that do not."); <u>Khattak</u>, 273 F.3d at 563 (stating that a miscarriage of justice generally results only where there is grave error or error that has a significant effect on the defendant).

---

calculation. In this regard, the Court found that John's testimony was more credible than Vasquez's since it was more detailed and was based on a "meticulous" and contemporaneous ledger reflecting John's payments to Vasquez, as opposed to Vasquez's unfounded "bald assertion" estimating the loss amount to be between $10,000 and $11,000. App. 281. Thus, the District Court's loss calculation of $27,120 was supported by the evidence, and the Court correctly concluded that this loss amount warranted a four-level increase to the base offense level. U.S.S.G. § 2B1.1(b)(1)(C) (stating that a four level increase to the base offense level applies where the loss amount exceeds $15,000).

   The District Court's application of two other sentencing enhancements was also amply supported by law and facts. First, the District Court properly applied <u>United States v. Iannone</u>, 184 F.3d 214, 220 (3d Cir. 1999), and found that John was a vulnerable victim under U.S.S.G. § 3A1.1(b)(1) because (1) as an undocumented immigrant, John was particularly susceptible to Vasquez's criminal conduct since he had a "strong fear of deportation and incarceration," App. 290-91; (2) in perpetrating the fraud, Vasquez knew of John's particular vulnerabilities and, as the District Court found, "knew exactly which buttons to push" to exploit them, App. 296; and (3) it was because of John's vulnerability and fear of deportation and incarceration that Vasquez was able to take advantage of him. Second, the District Court correctly found that Vasquez was able to defraud John because he pretended to be a police officer and so the "offense involved a misrepresentation that the defendant was acting on behalf of a . . . government agency," warranting an upward adjustment under § 2B1.1(b)(9)(A). Based on these enhancements, the District Court concluded the applicable range was 18-24 months, and the imposition of a 24-month sentence was reasonable and not an abuse of discretion. <u>See</u> <u>United States v. Tomko</u>, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (stating that we review a District Court's sentencing decision for abuse of discretion).

   Finally, with respect to any claim of ineffective assistance of counsel, we note that, except in rare instances, we will address ineffectiveness claims only on collateral review, where an evidentiary record can be developed to evaluate such claims. <u>United States v. Thornton</u>, 327 F.3d 268, 271-72 (3d Cir. 2003). Nothing in the record calls for us to invoke this exception.

Thus, we agree with counsel that there is no non-frivolous argument against enforcing the appellate waiver because (1) any issue Vasquez could raise on direct appeal falls within the scope of the appellate waiver, (2) Vasquez entered into the waiver knowingly and voluntarily, and (3) no miscarriage of justice would result from enforcing the wavier. We will therefore enforce the waiver and dismiss the appeal.

IV

For the foregoing reasons, we will grant counsel's motion to withdraw and dismiss the appeal.[6]

---

[6] Vasquez is hereby advised that under the Criminal Justice Act, counsel is not obligated to file any further applications, including a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court. See also L.A.R. 35.4; 109.2(b). If Vasquez wishes to pursue these avenues, he must either retain counsel or do so pro se. Vasquez should note that a petition for rehearing en banc must be filed within 14 days of the entry of judgment; if that time has passed, Vasquez may promptly file a motion to enlarge the time for such filing. Counsel shall timely send a copy of this Opinion to Vasquez.